UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

MICHAEL A. FISHER,            )
                              )
            Plaintiff         )
                              )
v.                            ) 1:11-cv-00366-JAW
                              )
AROOSTOOK COUNTY JAIL, et al.,)
                              )
            Defendants        )

**RECOMMENDED DECISION**

Michael Fisher has filed a complaint pursuant to 42 U.S.C. § 1983, the Maine Tort Claims Act and Rule 80C of the Maine Rules of Civil Procedure, and seeks leave to proceed <u>in forma pauperis</u> but his application is incomplete, in that there is no ledger showing the activity in his prisoner account with the Maine State Prison for the last six months.[1] I entered an order on September 29, 2011, directing the Clerk to forward Fisher a form application to proceed <u>in forma pauperis</u> and ordering Fisher to file this amended application with the necessary account statement and certification, or pay the filing fee of $350, no later than October 20, 2011. I cautioned Fisher that if he failed to do so I would recommend that the case be dismissed for lack of prosecution as to all the defendants. Despite this warning, Fisher has not filed an amended application and the case should be dismissed in its entirety for failure to prosecute.

In addition, in that order I placed Fisher on notice that his complaint, as currently drafted, may indeed state a claim against Officer Senate, Officer Leavitt, and Kevin Upton. However, I

---

[1] As there is no ledger, there is also no certification as to his account, which is required. <u>See</u> 28 U.S.C. § 1915(a)(2) ("A prisoner seeking to bring a civil action ... without prepayment of fees or security therefore, in addition to filing the affidavit...<u>shall submit a certified copy of the trust fund account statement</u> (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint ... <u>obtained from the appropriate official</u> of each prison at which [he] is or was confined") (emphasis added).

noted that it does not state any factual averments that could possibly be construed as a claim against Chamberlain, Walker, Foss, or Aroostook County because supervisors are not liable for the constitutional violations of their employees under a theory of respondeat superior. I indicated that Fisher might elect to voluntarily dismiss the complaint as to those individuals or provide an amended complaint that contains some factual allegations as to them. Again, I gave Fisher until October 20, 2011, to do so. He has not moved to dismiss these claims and he has not filed an amended complaint as of this date. The 42 U.S.C. § 1983 claims against Chamberlain, Walker, Foss, or Aroostook County, should be dismissed, with prejudice, for failing to state a claim, see Ashcroft v. Iqbal, 556 U.S. 662, __, 129 S.Ct 1937, 1948 (2009) ("Because vicarious liability is inapplicable to Bivens[2] and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); Soto-Torres v. Fraticelli, 654 F.3d 153 (1st Cir 2011) (in depth discussion of Iqbal regarding a Bivens action targeting a supervisor, reversing lower's court's denial of qualified immunity on the grounds that there was insufficient allegations of direct involvement of the supervisor in a constitutional violation), irrespective of the status of Fisher's compliance with the in forma pauperis application requirements.

## CONCLUSION

For the reasons set forth above, I recommend that the complaint be DISMISSED in its entirety. Those claims advanced against Senate, Leavitt, and Upton should be dismissed without

---

[2] Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

prejudice for failure to prosecute and those claims against Chamberlain, Walker, Foss, and Aroostook County should be dismissed with prejudice for failure to state a claim.

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

October 24, 2011.