UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MICHAEL A. FISHER, | ) |
| | ) |
|     Plaintiff | ) |
| | ) |
| v. | ) 1:11-cv-00366-JAW |
| | ) |
| AROOSTOOK COUNTY JAIL, et al., | ) |
| | ) |
|     Defendants | ) |

**RECOMMENDED DECISION**

On September 28, 2011, Plaintiff filed a complaint against Aroostook County Jail, and others, together with an application to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) On September 29, 2011, I entered an order that plaintiff file a completed *in forma pauperis* application by October 20, 2011. (ECF No. 5.) A copy of the order was mailed to plaintiff at the address provided: Maine State Prison, 807 Cushing Road, Warren, ME 04864. On October 24, 2011, I issued a recommendation that this matter be dismissed as plaintiff did not respond to my earlier order. (ECF No. 6.) Then, on November 8, 2011, plaintiff filed an objection to the recommended decision. (ECF No. 7.) I vacated the recommendation and set a deadline of December 1, 2011, for plaintiff to resubmit his financial information and to file an amended complaint. (ECF No. 8.) A copy of this order was mailed to plaintiff at the address provided. Plaintiff filed the amended complaint and a new *in forma pauperis* application on November 30, 2011. (ECF Nos. 9 & 10.) I granted plaintiff *in forma pauperis* status on December 6, 2011, (ECF No.11) and on December 13, 2011, plaintiff informed the court of his intent to proceed with this matter and pay the entire $350.00 filing fee. (ECF No. 12.)

This was the last communication the court received from plaintiff. An order for service entered on December 14, 2011, (ECF No. 14), a copy of which was mailed to plaintiff. Waivers

of service for Foss, Leavitt, Senate, Corrections Officer and Kevin Upton were returned on January 23, 2012, (ECF No. 15), copies of which were mailed to plaintiff.  Defendants filed an answer to the complaint on February 2, 2012, (ECF No. 16), and a Scheduling Order issued on February 3, 2012.  (ECF No. 17.)  A copy of the Scheduling Order was mailed to plaintiff. All of these documents appeared to reach Fisher at the address he had provided.

On May 1, 2012, defendants filed a letter request seeking leave to file a motion to compel as counsel for defendants had heard nothing from plaintiff in response to their discovery initiatives.  (ECF No. 18.)  In the letter counsel for the defendants reported that she had been told that Fisher was released from custody at the Maine State Prison on January 9, 2012.  She indicated that she had sent her discovery requests to Fisher on March 1, 2012 and she had used the address that Fisher had given to the Aroostook County Jail when he was booked.  She had received no response from Fisher.  According to defendants' counsel this address is also the address of one of Fisher's parents.  The items mailed to that address by the defendants' counsel were never returned to sender.

I denied the motion for leave to file a motion to compel (ECF No. 19) and indicated that a copy of my order was to be mailed to plaintiff at the last address provided by him to the court, i.e., the Maine State Prison.  I further ordered plaintiff to show cause why I should not issue a recommendation that the matter be dismissed with prejudice because of his failure to respond to discovery requests and maintain contact with the court.  I established a deadline of June 1, 2012, for plaintiff to respond.  A copy of this order was mailed to plaintiff at the Maine State Prison address which was the only address ever provided to the Court.  That mailing was returned to the Clerk's Office as undeliverable; Reason:  Return to Sender, Attempted-Not Known.  (ECF No. 20.)  To date, there has been no communication from plaintiff.  The deadline for the completion

of discovery is July 6, 2012.  Plaintiff's failure to notify the Court of his whereabouts or make contact with the Court leads me to the conclusion he has abandoned this litigation.

Accordingly, it is recommended that the Complaint be **DISMISSED** for plaintiff's failure to prosecute this action.   A copy of this recommendation should be mailed to the address provided by defendants' counsel to the Court and defendants' counsel is ordered to provided that address forthwith.  In the event the defendant receives this recommendation, any objection to it should show just cause for plaintiff's unexplained failure to maintain contact with the Court or respond to the discovery requests that were mailed to him.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) (1993) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

June  5, 2012

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge